ON REHEARING
SARTAIN, Judge.
A rehearing was granted in this cause to permit reconsideration of two conclusions announced by us in our original opinion. They are (1) that the Levee Board erred in acting pursuant to a 1934 resolution and (2) that the action of the Levee Board in choosing to excavate 2¡/¿ to 3 acres of plaintiffs’ property to repair a levee 31/2 miles away constituted palpable abuse, “when there is other land ‘closer’, and more accessible and subject to the same servitude.”
First, we wish to reiterate here the statements of law and supporting authorities contained in the original opinion. Secondly, we again confirm that the 2j4 to 3 acres from which defendants propose to excavate dirt are contained within the right-of-way limits of the original servitude as fixed by survey and for which plaintiffs were compensated. As a matter of fact the proposed borrow area is to be situated northwesterly of and adjacent to an existing borrow pit. The southerly bank of both pits are located on and parallel to the south line of the previously established right-of-way.
When the contractor commenced moving heavy equipment onto property near plaintiffs, the latter instituted action seeking to enjoin the execution of the contract which, inter alia, called for the excavation of dirt from their lands. In their original petition (styled “Application for Writ of Injunction”,) they simply alleged that they were the owners of the property in question and it was used to grow sugar cane, and that the proposed removal of dirt would “destroy their crops and cause * * * serious economic deprivation and seriously hamper their means to a livelihood.” Accepting these allegations as true, there still remains the inescapable question of whether the land remains subject to the previously defined servitude. It was not until the Levee Board intervened, asserting the existence of a servitude under C.C. Art. 665, a resolution appropriating the property subject to the servitude, and averment of payment therefor that plaintiffs countered with the proposition that the Levee Board’s action in the premises are “unreasonable, arbitrary, capricious and oppressive”. Plaintiffs’ basis for such claims are that other land, nearer the location of the proposed work is available which land is owned by large landowners “who can well afford the dirt needed and are subject to the levee servitude.”
We must concede it was error to say that the age of the resolution “indicated a lack of interest in the proper and just discharge of the power and authority” of the Levee Board. We premised this assertion on the grounds that “radical changes in navigable streams and the properties adjoining such water-ways often come to pass over an extended period of time such as 35 years”. There has been no showing of any radical changes in the banks of Grand Lake or of the riparian nature of plaintiffs’ property. The exhibits attached to and made a part of the record indicate no change in the characteristics of the property. Plaintiffs allege no change and no proof was offered showing any change. The fact that the original levee is now in need of repair frankly supports the conclusion that there has been no change and *815 that the property of the plaintiffs is still riparian in nature and burdened with the servitude. This servitude, created by law, remains in effect so long as the land itself is riparian. Plaintiffs do not contend that the land is otherwise. Their complaint is that the Levee Board exceeded the bounds of reasonableness in failing to use soil from the land of the owners nearer the slide area.
This, then, brings us to the second point for consideration. Does the action of the Levee Board in taking soil from plaintiffs’ land and transporting it 3^ miles, constitute palpable abuse of its vested authority?
When this matter was heard on the return of a rule nisi issued at plaintiffs’ instance only two witnesses testified, Mr. Priestly Verdun, one of the plaintiffs and Mr. Herbert Juneau, Jr., Area Engineer for the United States Corps of Engineers, who responded for the defendants. The import of Mr. Verdun’s testimony and the position of the plaintiffs are to the effect that the soil should be taken from the land of the owners of the farm lands located nearer the slide than his land. Plaintiffs contend that such land is also subject to the servitude provided for in C.C. Art. 665. We recognize that it is but an examination of the record discloses that this farm land is not within the original area appropriated pursuant to the 1934 resolution. In essence, plaintiffs contend that the Levee Board should extend the 1934 resolution to permit the additional appropriation of land and take the needed soil from such land in lieu of their own.
 We now feel that we fell into error in failing to make the distinction between land subject to the servitude (as all riparian lands are) and those lands while being burdened with the same servitude but additionally have also been previously appropriated when the initial right-of-way was established and paid for. The effect of our conclusion that since both lands are subject to the same servitude, soil should be taken from the property nearest the slide, would of necessity require an additional appropriation. This is not necessarily correct and failure to appropriate additional lands nearer the slide does not in and by itself constitute palpable abuse. If as a matter of fact there are other lands available which should be appropriated in lieu of the use of the previously appropriated property, the burden rests with the party complaining to establish the necessity therefor, including the economical and technological reasons for doing so. The plats of surveys offered in evidence show that the entire levee is paralleled on the inside by a borrow pit. Obviously, this was the soil that was used to build the original levee. Plaintiffs suggested that at a point some mile to a mile and a half north of the slide there was a crossing of the borrow pit which would permit defendants to appropriate land from other owners. The names of the other owners are not included in the record nor is it established that there was a passable crossing to permit the hauling of dirt. The maps do reflect that the additional lands from which plaintiffs urge that the soil be taken are not included within the original right-of-way. Plaintiffs have failed to bear the burden of proving that the taking should be shifted to someone else’s property and we cannot say that as a matter of law the Levee Board is now required to come forward and justify its present action.
The general rule is and has been for some time that the authority exercising the right of appropriation is bound by the “reasonable necessity” of the situation as the facts and circumstances dictate. Here the Levee Board has again sought to excavate dirt from land previously appropriated and clearly within the original right-of-way rather than appropriate additional land from owners nearer the slide. Under the facts presented herein, we cannot say that the exercise of this decision constitutes palpable abuse. See Pruyn v. Nelson Brothers, et al., 180 La. 760, 157 So. 585 (1934) where batture was taken from a riparian landowner in one levee district (below the City of Baton Rouge) to repair *816 a levee along the Mississippi River in front of the City of Baton Rouge.
Accordingly, for the above and foregoing reasons the decretal portion of our original decision is rescinded and the judgment of the district court is amended to recall and vacate the preliminary injunction previously issued and plaintiffs’ petition is dismissed at their costs.
Amended and affirmed.